UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| MARK SHANNON, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 5: 23-086-DCR |
| ) | |
| v. ) | |
| ) | |
| WEST BURBERRY, *et al.*, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Mark Shannon is currently confined at the Bourbon County Regional Detention Center ("BCDC") in Paris, Kentucky. Proceeding without an attorney, Shannon has filed a "Class Action *Bivens* Complaint Pursuant to 28 U.S.C. § 1983." He asserts claims against Defendants West Burberry (identified as the Jailer) and the BCDC, contending that "black mold" is present at BCDC. [Record No. 1] In the accompanying cover letter, Shannon states: "Please grant us leave to file this action as a class-action. As you can see each prisoner has signed on in agreement." [Record No. 1-1] Eleven other persons purportedly incarcerated have signed the complaint as plaintiffs.[1]

This action will be dismissed for multiple reasons. As an initial matter, the complaint is not filed on a form approved for use by this Court as required by Local Rule 5.3. In addition,

---

[1] The other signatories include: Derrick Jones, Brandon Ramey, Kyle Martin, Terry Herrington, Michael Blackburn, William Peters, Freddie Prater, Philip Gousse, Jeff Tucker, Alexander Vice, and Cody Turner. [Record No. 1 at p. 6]

the $350.00 filing fee and the $52.00 administrative fee have not been paid, nor have any of the plaintiffs filed a motion for leave to proceed *in forma pauperis*.

Even so, because the plaintiffs (led by Shannon) are prisoners suing government officials, the Court must conduct a preliminary review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. On initial screening, a district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates such complaints under a more lenient standard because the plaintiffs are not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiffs' factual allegations as true, and their legal claims are liberally construed in their favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

The "statement of the case" section of the complaint alleges that, the day after Shannon was "forced" into Cell 132, he began to have constant headaches and congestion. [Record No. 1 at p. 4] Shannon further asserts that other prisoners told him that it was from "black mold" all over the cell walls, window sills, bathroom and shower. [*Id*.] Shannon then contends that "all plaintiffs herein" have had "respiratory issues of some sort as well as headaches constantly." [*Id*.] Based on these allegations, the complaint alleges that the defendants have acted with deliberate indifference to the plaintiffs' health and welfare by placing them in inhumane living conditions. [*Id*. at p. 5] The complaint requests monetary damages in the amount of $1.5 million for each plaintiff for exposure, $2.5 million for each plaintiff for projected respiratory issues, and $1.5 million for each Plaintiff for projected medical expenses, for a total of $66 million. [*Id*.]

The complaint will be dismissed for failure to state a claim for which relief may be granted because it fails to adequately allege a constitutional claim against either of the named defendants. The BCDC is not a suable entity apart from the county that operates it. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). Even if the Court were to construe the plaintiffs' claim as ones against Bourbon County, because a county government is only responsible under 42 U.S.C. § 1983 when its employees cause injury by carrying out the county's formal policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), they must specify the county policy or custom which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Here, the plaintiffs point to no such policy in the complaint; thus, they fail to state a claim for relief against Bourbon County. *Id.*; *Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014).

Nor do the plaintiffs plead a viable constitutional claim against the jailer, West Burberry, in either his official or individual capacity. An "official capacity" claim against a government official is not a claim against the officer arising out of his conduct as an employee of the government but is actually a claim directly against the governmental agency which employs him. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent.") (internal quotation marks omitted). Thus, the plaintiffs' claims against Burberry in his "official" capacity as an employee of Bourbon County are construed as claims against the county.

However, the plaintiffs do not allege that any of the actions alleged in the complaint were taken pursuant to an established policy of Bourbon County, thus they fail to state a claim for relief against Burberry in his official capacity.

The plaintiffs' individual capacity claims against Burberry fare no better. Personal liability in an action brought pursuant to 42 U.S.C. § 1983 hinges upon the defendant official's personal involvement in the deprivation of the plaintiff's civil rights. *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003); *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). Accordingly, federal notice pleading requires, at a minimum, that the complaint advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him. *Iqbal*, 556 U.S. at 678; *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008). *See also Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012) ("Plaintiff must state a plausible constitutional violation against each individual defendant—the collective acts of defendants cannot be ascribed to each individual defendant.") (citations omitted). Indeed, "[e]ven a pro se prisoner must link his allegations to material facts . . . and indicate what each defendant did to violate his rights . . ." *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill*, 630 F.3d at 471); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).

The complaint makes no allegation regarding any conduct by Burberry, much less allege that Burberry was personally involved in conduct that allegedly violated the plaintiffs' constitutional rights. To the extent the plaintiffs seek to hold Burberry responsible because of his supervisory role as Jailer, under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, a plaintiff must "plead that each Government-official defendant, through the

official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676. Thus, the mere fact that a defendant acted in a supervisory capacity is not enough because *respondeat superior* (vicarious liability) is not an available theory of liability in a § 1983 action. *Polk County*, 454 U.S. at 325-26. Because the plaintiffs do not allege that Burberry was personally involved in any conduct that violated their constitutional rights, their claims against him in his individual capacity fail.

While the Court construes *pro se* pleadings with leniency, it cannot create claims or allegations that the plaintiff has not made. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading."); *Nali v. Ekman*, 355 F. App'x 909, 912 (6th Cir. 2009) (Sutton, J., dissenting) ("when a *pro se* litigant asks us to identify any potentially winning arguments in his lower court pleadings, he is asking us to create, not correct, potential disparities in the legal system."). The plaintiffs' failure to adequately allege a claim for relief against a viable defendant does not gives this Court license to create these allegations on their behalf. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("[L]iberal construction does not require a court to conjure allegations on a litigant's behalf." ) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).

Moreover, the plaintiffs' desire for their claims to proceed as a class action also falters on several procedural grounds. The would-be plaintiffs did not attempt to define the scope of the class or the claims encompassed within it, allege or argue that they satisfy the requirements for class certification set forth in Federal Rule of Civil Procedure 23(a)(1)-(4), or identify the type of class action appropriate under Rule 23(b)(1)-(3). A complaint that fails to satisfy any of these substantive criteria does not warrant class certification. See *Wal-Mart v. Dukes*, 564


U.S. 338, 350 (2011) ("Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule…"); *Newsom v. Norris*, 888 F. 2d 371, 381 (6th Cir. 1989).

More fundamentally, it is clear from the pleadings thus far that this purported "class action" is being led by Shannon. Shannon appears to have drafted the complaint, signed the "certificate of service" [Record No 1 at p. 7], drafted the cover letter to the Clerk requesting that this matter proceed as a class action [Record No. 1-1], and mailed the complaint to the Court. [Record No. 1-2] In addition, shortly after filing the complaint, the Clerk of the Court received a letter from Christopher Jacobs (also signed by Shannon) stating that he was "celled with" Shannon and requesting to join the "class action," [Record No. 5], as well as a "Motion for Summary Judgment" drafted by Shannon "pro se and in behalf of all inmates/Prisoners housed at the Bourbon County Detention Center whom has been exposed to the 'Black Mold.'" [*Id.*]

As a *pro se* litigant, Shannon may only file a complaint on his *own* behalf pursuant to 28 U.S.C. § 1654, which permits parties to "plead and conduct their own cases personally or by counsel." The United States Court of Appeals for the Sixth Circuit has consistently interpreted § 1654 "as prohibiting pro se litigations from trying to assert the rights of others". Thus, "plaintiffs in federal court may not appear *pro se* where interests other than their own are at stake." *Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018) (internal quotation marks and citations omitted). *See also Crawford v. United States Dep't of Treasury,* 868 F.3d 438, 455 (6th Cir. 2017) ("Generally, a plaintiff must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."). The rule against non-lawyer representation applies for good reason, as it "protects the rights of those before the

court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent." *Olagues*, 908 F.3d at 203 (quoting *Bass v. Leatherwood*, 788 F.3d 228, 230 (2015)).  Because Shannon, as a *pro se* plaintiff, is not able to adequately and fairly represent the class, this matter could not have proceeded as a class action in any event. *See Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (because a *pro se* prisoner-plaintiff lacks standing to assert constitutional rights of other prisoners, "*[p]ro se* prisoners generally may not bring class action lawsuits concerning prison conditions.") (citations omitted).

Accordingly, it is hereby **ORDERED** as follows:

1. The plaintiffs' complaint [Record No. 1] is **DISMISSED**, without prejudice.

2. Any pending requests for relief, including Shannon's motion for summary judgement [Record No. 5], is **DENIED** as moot.

3. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

Dated:  March 30, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky